## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**KATHLEEN ASSIMACK and
THEMISTOCLES W. ASSIMACK,**

     **Plaintiffs,**

**v.**                           **Case No.  8:04-cv-2436-T-30MAP**

**J.C. PENNEY CORP.,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Sanctions or, in the Alternative, Motion for Adverse Inference Jury Instruction and Memorandum of Law in Support Thereof (Dkt. # 13) and Defendant's Response to Plaintiffs' Motion for Sanction, or in the Alternative, Motion for Adverse Inference Jury Instruction and Supporting Memorandum of Law (Dkt. # 27).  The Court, having considered the motion and having been otherwise fully advised, finds that the motion should be denied.

### FACTUAL BACKGROUND

Plaintiff Kathleen Assimack was shopping at the J.C. Penney store located at Citrus Park Town Center in Tampa, Florida.  While Assimack was shopping, a steel floor to ceiling pole, known as an "autopole," fell and struck Assimack from behind.  Plaintiffs have filed suit against J.C. Penney Corporation, Inc. ("J.C. Penney") alleging that Kathleen Assimack sustained various physical injuries as a result of the accident.

Following the incident, J.C. Penney removed the autopole from the public area of the store. J.C. Penney asserts that its employees examined the autopole and determined that it was safe to continue using. J.C. Penney then reinstalled the autopole in the Citrus Park store without marking it for future identification. Plaintiffs now argue that J.C. Penney effectively destroyed the autopole by placing it among countless similar poles, making it impossible to identify the specific autopole at issue. Plaintiffs seek sanctions against J.C. Penney, or in the alternative, an adverse jury instruction. Plaintiffs argue that Defendant's actions have prejudiced Plaintiffs and significantly impaired their ability to prove their case.

## SANCTIONS

The Court finds that Defendant's actions do not warrant sanctions. Over one year passed between the date of the incident and the filing of the present lawsuit by Plaintiffs. At no point during that time did Plaintiffs ever request to inspect the autopole or ask J.C. Penney to preserve the autopole. This Court concurs with Judge Collier's view that "[i]t is essentially impossible for everyone (even an insurance company) to hold onto every piece of potential evidence just because there is a possibility that litigation may arise sometime in the future." Silhan v. Allstate Ins. Co., 236 F.Supp.2d 1303, 1309 (N.D. Fla. 2002).

Moreover, although the autopole was placed back into service at the Citrus Park store without being marked for future reference, the autopole has not been destroyed. J.C. Penney has afforded Plaintiffs' counsel the opportunity to inspect each and every autopole at the Citrus Park store, which should include the autopole that struck Kathleen Assimack. If Plaintiffs' locate a defective autopole during their inspection, Plaintiffs may argue at trial that

the defective autopole was the one involved in the accident.  Therefore, the Court finds that Plaintiffs have not been prejudiced and are not entitled to sanctions against Defendant.[1]

## ADVERSE INFERENCE

Although this is a diversity action, federal law applies to Plaintiffs' claims of spoliation.  See King v. Illinois Central R.R., 337 F.3d 550, 555-556 (5th Cir. 2003); Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).  In the Eleventh Circuit, a party is entitled to an adverse inference only when the absence of evidence is predicated on bad faith.  Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997).  "Mere negligence" in losing or destroying evidence is not enough for an adverse inference.  Id.  Plaintiffs have failed to demonstrate that J.C. Penny's handling of the autopole amounted to bad faith.  Accordingly, their motion for an adverse inference jury instruction is denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Motion for Sanctions or, in the Alternative, Motion for Adverse Inference Jury Instruction and Memorandum of Law in Support Thereof (Dkt. # 13) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2005.

**Copies furnished to:**
Counsel/Parties of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  The Court also finds that Defendant's answer to interrogatory 22 was not erroneous or misleading.  Interrogatory 22 only asked for information about incidents occurring prior to the date of Plaintiff's injuries.  The incident Linda Charette testified about occurred after Plaintiff's accident which Defendant acknowledged in its supplemental answer to interrogatory 22.