# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KATHLEEN ASSIMACK and**
**THEMISTOCLES W. ASSIMACK,**

      **Plaintiffs,**

**v.**                                 **Case No.  8:04-cv-2436-T-30MAP**

**J.C. PENNEY CORP.,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Summary Judgment Regarding Defendant's Comparative Negligence Affirmative Defense and <u>Fabre</u> Affirmative Defense and Memorandum of Law in Support Thereof (Dkt. # 12) and Defendant's Response to Plaintiffs' Motion for Summary Judgment on Comparative Negligence and <u>Fabre</u> Affirmative Defenses and Supporting Memorandum (Dkt. # 26).  The Court, having considered the motion and response, and being otherwise fully advised, finds that it should be granted.

### FACTUAL BACKGROUND

Plaintiff Kathleen Assimack was shopping at the J.C. Penney store located at Citrus Park Town Center in Tampa, Florida.  While Assimack was shopping, a steel floor to ceiling pole, known as an "autopole," fell and struck Assimack from behind.  Plaintiffs have filed

suit against J.C. Penney Corporation, Inc. ("J.C. Penney") alleging that Kathleen Assimack

sustained various physical injuries as a result of the accident.

In its answer and affirmative defenses, J.C. Penney asserted the following affirmative

defenses:

> 2.     This Defendant does affirmatively allege, without admitting any
> liability whatsoever, that the Plaintiff's alleged injuries were caused wholly or
> in part by Plaintiff's own negligence in that Plaintiff by her own action caused
> the pole to fall by bumping into the pole itself or a table adjacent to the pole
> which struck the pole.  As such, the Plaintiff is barred from pursuing this
> action or in the alternative, any award obtained by the Plaintiff must be
> reduced in proportion to Plaintiff's own negligence.

> 3.     The Defendant affirmatively alleges, without admitting any
> liability whatsoever, that the Plaintiff's damages, if any, were caused in whole
> or in part by a third party which may have bumped the table or the pole itself
> causing it to become dislodged and that this person or persons over whom the
> Defendant retained no custody or control should be liable, if at all, for a
> proportionate share of liability pursuant to Florida Statute Section 768.81 and
> Fabre v. Marin, 632 So.2d 1182 (Fla. 1993).

## PROCEDURAL HISTORY

Plaintiffs have moved for summary judgement regarding Defendant's the above

affirmative defenses.  Plaintiffs assert that discovery is complete and Defendant has

developed no evidence to support its affirmative defenses.  Plaintiffs argue that there is no

evidence whatsoever that Plaintiff did anything to cause the autopole to fall or that a third

party was somehow responsible for the accident.  Plaintiffs also note that the only eyewitness

to the accident testified that the autopole just suddenly fell.

In response, J.C. Penney argues that striking its comparative negligence affirmative

defense would eliminate the Plaintiffs' "burden of proving a fundamental element of *res ipsa*:

that the injury may not be the result of any voluntary action or contribution on the part of the Plaintiff." Defendant argues that "[s]ince the pole had never fallen before this incident, a reasonable inference that can be drawn in favor of J.C. Penney is that the Plaintiff caused the pole to fall." J.C. Penney also argues that striking the affirmative defense would preclude the jury from weighing and evaluating the credibility of Plaintiff's witnesses to determine who played a role in the collapse of the autopole.

Finally, Defendant asserts that striking the comparative negligence defense will preclude Defendant from presenting damages defenses. J.C. Penney argues that the comparative negligence defense includes damage issues as well as liability issues and that the jury should be able to decide if Kathleen Assimack's actions after the accident contributed to her injuries.

## SUMMARY JUDGMENT STANDARD

Although this is a diversity action governed by Florida substantive law, federal law determines whether summary judgment is appropriate. See Hammer v. Slater, 20 F.3d 1137, 1140 (11th Cir. 1994); Kroon v. Beech Aircraft Corp., 628 F.2d 891, 892 (5th Cir. 1980).[1] Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "there is no genuine issue as to any material fact and (if) the moving party is entitled to a judgment as a matter of law." Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

---

[1] Former Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  The mere allegation of an alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

## DISCUSSION

The Court finds that Defendant has failed to present any evidence creating a genuine issue of material fact as to its second and third affirmative defenses.  While the Court acknowledges the difficulty in proving a negative, none of the deposition testimony or other record evidence reveals any fault on the part of the Plaintiff or any third-party.

The Court also rejects the Defendant's assertion that its comparative negligence defense includes damage issues as well as liability issues and that the jury should be able to decide if Kathleen Assimack's actions after the accident contributed to her injuries.  The Defendant's second affirmative defense asserts that "the Plaintiff's alleged injuries were caused wholly or in part by Plaintiff's own negligence in that Plaintiff by her own action caused the pole to fall by bumping into the pole itself or a table adjacent to the pole which struck the pole."  Defendant's second affirmative defense makes no mention of Kathleen Assimack's actions after the accident.[2]

---

[2] Defendant may move to amend its answer to include an affirmative defense asserting that Kathleen Assimack's actions after the accident aggravated any injuries she may have sustained as a result of the accident.

Moreover, Rocky v. Royal Caribbean, No. 99-708-CIV-GOLD/SIMONTON, 2001 WL 420993, 2001 U.S. Dist. LEXIS 21886 (S.D.Fla. Feb. 20, 2001), is distinguishable from the present action.  In Rocky, the defendant's second affirmative defense stated "Plaintiff was comparatively negligent and such negligence should reduce his recovery, if any, according to the principles of comparative fault." Id. at *6, 2001 U.S. Dist. LEXIS 21886 at *19-20. Unlike this case, the affirmative defense in Rocky was not limited to the issue of the causation of the accident itself.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Motion for Summary Judgment Regarding Defendant's Comparative Negligence Affirmative Defense and Fabre Affirmative Defense and Memorandum of Law in Support Thereof (Dkt. # 12) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2436.msj aff def.wpd